UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUANITA LOLA DIAZ,<br><br>     Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN,<br><br>     Defendant. | NO:  1:14-CV-3050-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 15 and 18. This matter was submitted for consideration without oral argument. Plaintiff was represented by Thomas A. Bothwell. Defendant was represented by L. Jamala Edwards. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

Plaintiff Juanita Lola Diaz protectively filed for supplemental security income ("SSI") and disability insurance benefits on March 19, 2010. Tr. 208-209, 211-217. Plaintiff alleged an onset date of December 1, 2008. Tr. 208, 211. Benefits were denied initially and upon reconsideration. Tr. 129-142, 144-156. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Kimberly Boyce on September 18, 2012. Tr. 53-100. Plaintiff was represented by counsel and testified at the hearing. Tr. 38-56. Vocational expert Trevor Duncan also testified. Tr. 57-62. The ALJ denied benefits (Tr. 10-29) and the Appeals Council denied review (Tr. 1). The matter is now before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 34 years old at the time of the hearing. Tr. 38. She testified that she dropped out of high school in the ninth grade but later obtained her GED. Tr. 44. Plaintiff previously worked as a home care provider and as a receptionist/front desk employee. Tr. 44-46, 231. Plaintiff claims she is disabled due to back problems, diabetes, liver damage and depression. *See* Tr. 147. She testified that she

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

can only take "short walks" and needs to lie down for approximately two hours per day due to "pain and pressure" in her neck, lower back, and lower extremities. Tr. 48, 55. Plaintiff can lift 8-10 pounds; and her family members help her with grocery shopping, give her rides, and remind her to take her medications. Tr. 50-51. She testified that she has been homeless for eight months prior to the hearing and sleeps on the couches of friends or family. Tr. 39-40.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    to more than one rational interpretation, [the court] must uphold the ALJ's findings

2    if they are supported by inferences reasonably drawn from the record." *Molina v.*

3    *Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not

4    reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An

5    error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability

6    determination." *Id.* at 1115 (quotation and citation omitted). The party appealing

7    the ALJ's decision generally bears the burden of establishing that it was harmed.

8    *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

9                    **FIVE–STEP SEQUENTIAL EVALUATION PROCESS**

10            A claimant must satisfy two conditions to be considered "disabled" within

11    the meaning of the Social Security Act. First, the claimant must be "unable to

12    engage in any substantial gainful activity by reason of any medically determinable

13    physical or mental impairment which can be expected to result in death or which

14    has lasted or can be expected to last for a continuous period of not less than twelve

15    months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be

16    "of such severity that he is not only unable to do his previous work[,] but cannot,

17    considering his age, education, and work experience, engage in any other kind of

18    substantial gainful work which exists in the national economy." 42 U.S.C. §

19    1382c(a)(3)(B).

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 4

1    The Commissioner has established a five-step sequential analysis to

2    determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

3    404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner

4    considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

5    416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

6    Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

7    404.1520(b); 416.920(b).

8        If the claimant is not engaged in substantial gainful activities, the analysis

9    proceeds to step two. At this step, the Commissioner considers the severity of the

10    claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the

11    claimant suffers from "any impairment or combination of impairments which

12    significantly limits [his or her] physical or mental ability to do basic work

13    activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

14    416.920(c). If the claimant's impairment does not satisfy this severity threshold,

15    however, the Commissioner must find that the claimant is not disabled. *Id.*

16        At step three, the Commissioner compares the claimant's impairment to

17    several impairments recognized by the Commissioner to be so severe as to

18    preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

19    404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 5

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

education and work experience. *Id.* If the claimant is capable of adjusting to other

work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other

work, the analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above.

*Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If

the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy." 20 C.F.R. § §

404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful

activity since December 1, 2008, the application date. Tr. 15. At step two, the ALJ

found Plaintiff has the following severe impairments: degenerative disc disease,

obesity, diabetes mellitus, diabetic neuropathy, affective disorder, and anxiety

disorder. Tr. 15. At step three, the ALJ found that Plaintiff does not have an

impairment or combination of impairments that meets or medically equals one of

the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 16. The  ALJ

then found that Plaintiff had the RFC

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 7

to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can lift and carry a total of 10 pounds frequently. The claimant can stand and walk for a total of 2 hours and sit for about 6 hours in an 8 hour work day with normal breaks. She can never climb ladders, ropes or scaffolds and can occasionally climb ramps and stairs, stoop, kneel, and crawl. She can frequently handle, finger, and feel with both upper extremities. The claimant should be exposed no more than occasionally to extreme cold, heat and vibration. She should never be exposed to hazards such as unprotected heights and heavy machinery. The claimant can perform work that does not require driving a motorized vehicle. In order to maintain attention, concentration, persistence and pace in an ordinary work setting on a regular and continuing basis and remain within customary tolerances of employers' rules regarding sick leave and absence, she can understand, remember and carry out routine, repetitive and unskilled work. In order to respond appropriately to coworkers and supervision, she can have occasional interactions with supervisors. She can work in proximity to co-workers, but not in a team or cooperative effort. She can perform work that does not require more than occasional interaction with the general public.

Tr. 18. At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 23. At step five, the ALJ found that considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 23. The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from December 1, 2008, through the date of this decision. Tr. 24.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ erred by improperly rejecting the opinions of Plaintiff's treating and examining medical providers, Dr. David A. Lindgren and Gabriela Mondragon, M.S.W.; and (2) the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

ALJ failed to meet her step five burden. ECF No. 17 at 10-18. Defendant argues:
(1) the ALJ properly discredited Plaintiff's subjective complaints of disability;[1] (2)
the ALJ properly evaluated the medical evidence; and (3) the ALJ's RFC and
disability findings were proper. ECF No. 18 at 6-20.

### DISCUSSION

### A. Medical Opinions

There are three types of physicians: "(1) those who treat the claimant
(treating physicians); (2) those who examine but do not treat the claimant
(examining physicians); and (3) those who neither examine nor treat the claimant
[but who review the claimant's file] (nonexamining [or reviewing] physicians)."
*Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted).
Generally, a treating physician's opinion carries more weight than an examining
physician's, and an examining physician's opinion carries more weight than a

---

[1] In her reply brief Plaintiff confirms that she "did not contend in her opening brief
that the ALJ failed to meet his legal burden" as to Plaintiff's credibility, and
therefore argues that "[Plaintiff's] credibility is not at issue in this appeal." ECF
No. 19 at 2. However, as discussed briefly below, the court did review the
credibility findings in order to assess the ALJ's reasoning that Ms. Mondragon's
opinion was entitled to little weight because it was based in large part on Plaintiff's
properly discounted subjective complaints. *See Tommasetti*, 533 F.3d at 1041.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 9

1    reviewing physician's. *Id.*  If a treating or examining physician's opinion is

2    uncontradicted, the ALJ may reject it only by offering "clear and convincing

3    reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d

4    1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's

5    opinion is contradicted by another doctor's opinion, an ALJ may only reject it by

6    providing specific and legitimate reasons that are supported by substantial

7    evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)).

8    Plaintiff argues the ALJ improperly rejected the opinions of Plaintiff's treating and

9    examining providers, Dr. David A. Lindgren and Gabriela Mondragon, M.S.W.

10   ECF No. 15 at 10-17.

11       **1. Dr. David A. Lindgren**

12           In September 2012, Plaintiff's treating physician Dr. Lindgren completed a

13   one-page "medical questionnaire," which consisted solely of checking a box

14   stating that he "do[es] not believe that the patient is capable of performing any type

15   of work on a reasonably continuous, sustained basis (e.g. eight hours a day, five

16   days a week, or approximately 40 hours per week, consistent with a normal work

17   routine)." Tr. 407.  The ALJ accorded "no weight" to Dr. Lindgren's opinion for

18   several reasons. Tr. 22. First, the ALJ rejected Dr. Lindgren's opinion because it

19   was "on a check-box form, which does not contain any explanation of the bases for

20   his conclusion." Tr. 22. Plaintiff argues that "[t]he fact that an opinion is rendered

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10

on a check box form does not, by itself, render a medical opinion invalid. What matters is whether the check box assessment is supported by the record." ECF No. 15 at 11. Plaintiff offers no legal authority for the proposition, nor is the court aware of any requirement that the ALJ consider the entire medical record before reasoning that a check-box form was not adequately supported by an explanation for the conclusions *in that opinion*. Indeed, it is widely held in the Ninth Circuit that opinions on a check-box form that do not contain significant explanation of the basis for the conclusions may be accorded little or no weight. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). Here, Dr. Lindgren merely checked a single box indicating that Plaintiff was not capable of performing any type of work, with no explanation whatsoever of the basis for this conclusions. Tr. 407. This was a specific and legitimate reason for the ALJ to reject Dr. Lindgren's opinion.

Second, the ALJ found that Dr. Lindgren's treatment notes did not support his opinion that Plaintiff was not capable of performing any type of work.[2] Tr. 22

[2] Defendant surmises that "[w]ithout detailed notes indicating what tests or examinations, if any, Dr. Lindgren may have performed to reach his conclusions; it appears more likely than not that he rendered his opinions based solely on Plaintiff's subjectively reported discredited symptoms." ECF No. 18 at 16. However, the ALJ did not offer this reasoning in the decision, and the court

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

1  (citing 395-406). In support of this reasoning, the ALJ specifically noted that "Dr.

2  Lindgren's treatment notes indicate that the claimant has normal gait and station

3  and normal strength in her lower extremities." Tr. 22 (citing 399, 403, 406). An

4  ALJ may reject a physician's opinion if it is not supported by his or her own

5  treatment notes. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

6  As an initial matter, the court may decline to address this issue as it was not raised

7  with specificity in Plaintiff's briefing. *See Carmickle v. Comm'r of Soc. Sec.*

8  *Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). After an independent review of

9  the record, the court notes that the largely normal exam results reported by Dr.

10 Lindgren in his treatment notes are moderated by one finding of "tenderness to

11 palpation" in the thoracic and lumbar spinal areas. Tr. 403. However, even

12 Plaintiff's extensive list of medical evidence allegedly supporting Dr. Lindgren's

13 opinion does not include any citation to Dr. Lindgren's own treatment notes. See

14 ECF No. 15 at 11-14. Moreover, even if Dr. Lindgren's treatment notes could be

15 interpreted more favorably to Plaintiff, "where evidence is susceptible to more than

16 one rational interpretation, it is the [Commissioner's] conclusion that must be

17 "review[s] the ALJ's decision based on the reasoning and factual findings offered

18 by the ALJ – not post hoc rationalizations that attempt to intuit what the

19 adjudicator may have been thinking." ECF No. 15 at 2 (citing *Bray v. Comm'r of*

20 *Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009)).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 12

upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This was a specific

and legitimate reason for the ALJ to reject Dr. Lindgren's opinion.

### 2. Gabriela Mondragon, M.S.W.

In January 2010, Ms. Mondragon completed a psychological/psychiatric

evaluation of the Plaintiff that assessed marked limitations in Plaintiff's ability to

understand, remember and follow complex (more than two step) instructions;

exercise judgment and make decisions; relate appropriately to co-workers and

supervisors; interact appropriately in public contacts; and respond appropriately to

the pressures and expectations of a normal work setting. Tr. 269. The ALJ gave

"little weight" to Ms. Mondragon's opinion for several reasons. Tr. 22-23.

First, the ALJ rejected Ms. Mondragon's opinion because she is not an

acceptable medical source. Tr. 22. Plaintiff argues this was not a valid reason to

reject Ms. Mondragon's opinion. ECF No. 15 at 14-15. The court agrees in part.

Ms. Mondragon is a social worker, and thus in accordance with 20 C.F.R. §

416.913(a), the ALJ is correct that she is not an "acceptable medical source."

Instead, Ms. Mondragon qualifies as an "other source" as defined in 20 C.F.R. §

416.913(d). The ALJ need only provide "germane reasons" for disregarding an

"other source" opinion. *Molina*, 674 F.3d at 1111. However, the ALJ is required to

"consider observations by nonmedical sources as to how an impairment affects a

claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

1987). Moreover, "[t]he fact that a medical opinion is from an 'acceptable medical

source' is a factor that may justify giving that opinion greater weight than an

opinion from a medical source who is not an 'acceptable medical source'….

However, depending on the particular facts in a case, and after applying the factors

for weighing opinion evidence, an opinion from a medical source who is not an

'acceptable medical source' may outweigh the opinion of an 'acceptable medical

source.'" SSR 06-03p (Aug. 9, 2006), *available at* 2006 WL 2329939 at *5. Thus,

while the ALJ may give less weight to Ms. Mondragon's opinion because it is not

from an "acceptable medical source;" it would be error to reject Ms. Mondragon's

opinion *solely* on this basis. However, any error is harmless in this case because

the ALJ gave several additional germane reasons for granting Ms. Mondragon's

opinion little weight. *See Carmickle*, 533 F.3d at 1162-63.

Next, the ALJ found that "Ms. Mondragon provides no explanation for

listing marked severity for some of the claimant's functional limitations." Tr. 22.

As noted in the previous section, opinions on a check-box form that do not contain

significant explanation of the basis for the conclusions may be accorded little or no

weight. *See Crane*, 76 F.3d at 253; *see also Tonapetyan v. Halter*, 242 F.3d 1144,

1149 (9th Cir. 2001) ("an ALJ need not accept a [] physician's opinion that is

conclusory and brief and unsupported by clinical findings"). Plaintiff briefly argues

that Ms. Mondragon did give sufficient explanation for finding marked limitations

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

1    because on her report she noted symptoms including sadness daily, sleep

2    disturbance, and fatigue; and then opined that these respective symptoms "may

3    exasperate" work activities including concentration, decision making, energy, and

4    working with others. Tr. 207. However, the symptoms identified by Ms.

5    Mondragon were based almost entirely on Plaintiff's self-report that she is "sad

6    and tearful on a daily basis" which "makes it difficult to interact with friends and

7    family;" and "unable to sleep at night;" and "has difficulty sustaining energy to

8    maintain own health." Tr. 207. The only symptom Ms. Mondragon actually

9    observed during the examination was Plaintiff's alleged sadness. Tr. 207.

10   Additionally, aside from the portion of the evaluation noted by Plaintiff, every

11   single explanatory remark by Ms. Mondragon is a direct restatement of Plaintiff's

12   own subjective reports, which does not clarify Ms. Mondragon's reasoning behind

13   her opined marked functional limitations. Tr. 266-271. Finally, on the attached

14   "adult mental status summary" Ms. Mondragon reports that Plaintiff is "well

15   groomed," "clean and casual," and cooperative; and while she notes Plaintiff was

16   "tearful" and her eye contact was limited, Ms. Mondragon comments that it was

17   difficult to determine Plaintiff's behavior because she did not remove her

18   sunglasses. Tr. 272. The court finds Ms. Mondragon's notes are minimal and based

19   in large part on Plaintiff's properly rejected subjective complaints (see discussion

20   *supra*), and therefore the ALJ reasonably found insufficient explanation for the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 15

1    marked functional limitations assessed in Ms. Mondragon's evaluation. Moreover,

2    this evidence could be susceptible to more than one rational interpretation, and

3    therefore the ALJ's conclusion must be upheld. *See Burch*, 400 F.3d at 679.

4         Finally, the ALJ found that "Ms. Mondragon mostly relied on the claimant's

5    subjective statements to form the basis for her opinion." Tr. 22. "An ALJ may

6    reject a treating physician's opinion if it is based 'to a large extent' on a claimant's

7    self-reports that have been properly discounted as incredible." *Tommasetti*, 533

8    F.3d at 1041. As an initial matter, it is notable that Plaintiff fails to assign error to

9    the ALJ's adverse credibility finding in this case. *See Carmickle*, 533 F.3d at 1161

10   n.2 (the court need not address issue not argued with specificity in Plaintiff's

11   brief). The ALJ's credibility findings in this case are specific, clear and

12   convincing, and unchallenged. Tr. 18-21. As noted by Defendant, the ALJ properly

13   supported the adverse credibility finding with reasons supported by substantial

14   evidence, including: the objective evidence did not support Plaintiff's claim of

15   disability; Plaintiff failed to follow through with recommended treatment and

16   pursued narcotic pain medication to the exclusion of other available treatment

17   options; her daily activities were inconsistent with her alleged limitations; and she

18   provided inconsistent statements about her substance abuse. *See id*.; ECF No. 18 at

19   6-15. Plaintiff argues that this was not a valid reason to reject Ms. Mondragon's

20   opinion because "there is nothing to suggest that Ms. Mondragon unduly relied on

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16

[Plaintiff's subjective] statements without engaging in critical thinking." ECF No. 15 at 15-16. Plaintiff then proceeds to cite portions of the medical record that she argues provide support for Ms. Mondragon's assessment of marked limitations. ECF No. 15 at 16-17. However, general support for Plaintiff's claims drawn from the longitudinal record is irrelevant to an analysis of the ALJ's finding that the *specific* evaluation form completed by Ms. Mondragon was based largely on claimant's self-reported symptoms. This was a germane reason to reject Ms. Mondragon's opinion.

**B. Step Five**

The ALJ may meet his burden of showing the claimant can engage in other substantial activity at step five by propounding a hypothetical to a vocational expert "that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations. The hypothetical should be 'accurate, detailed, and supported by the medical record.'" *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). However, "[i]f an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009)(citation and quotation marks omitted).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

Plaintiff argues that the ALJ erred at step five by failing to account for the limitations identified by Dr. Lindgren and Ms. Mondragon in the RFC and hypothetical. ECF No. 15 at 17-18.  However, Plaintiff's arguments are based on the assumption that the ALJ erred in considering the medical opinion evidence. As discussed in detail above, the ALJ's reasons for rejecting Dr. Lindgren's and Ms. Mondragon's opinions were legally sufficient and supported by substantial evidence. Thus, the ALJ did not err by excluding the limitations assessed by those providers from the RFC and hypothetical posed to the vocational expert ("VE"), and the ALJ properly relied on the VE's testimony at step five.

## CONCLUSION

After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 18

**DATED** this 30th day of  April, 2015.

s/Fred Van Sickle
_____
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 19